2014 ND 110

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Rebecca Lee LAWLER, a Person Admitted to the Bar of the State of North Dakota

Disciplinary Board of the Supreme Court of North Dakota, Petitioner

v.

Rebecca Lee Lawler, Respondent.

Nos. 20140053, 20140054, 20140055, 20140056, 20140057, 20140058, 20140059, 20140060, 20140061, 20140062.

Supreme Court of North Dakota.

June 2, 2014.

DISBARMENT ORDERED

PER CURIAM.

[¶ 1] The Court has before it the Findings of Fact, Conclusions of Law and Recommendations by the Hearing Panel, recommending Rebecca Lee Lawler be disbarred from the practice of law in North Dakota. The Hearing Panel concluded Lawler violated N.D.R. Prof. Conduct 1.3, 1.4, 1.15(a), 1.15(c), 8.4(b) and N.D.R. Lawyer Discipl. 1.2(A)(2) in 10 consolidated matters. We disbar Lawler, and we order her to make restitution to clients, to make restitution to the client protection fund, and to pay the costs and expenses of these disciplinary proceedings.

[¶ 2] Lawler was admitted to practice law in North Dakota on September 25, 2006. On July 26, 2012, Lawler was interim suspended, pending final disposition of the disciplinary proceedings arising out of the complaints filed against her.

[¶ 3] This matter involves 10 formal disciplinary proceedings against Lawler, File Nos. 5392–SE–1207, 5407–SE–1208, 5412–SE–1208, 5418–SE–1208, 5450–SE–1211, 5508–SE–1304, 5513–SE–1305, 5548–SE–1306, 5553–SE–1306, and 5557–SE–1307.

[¶ 4] Lawler admitted to the following facts with regard to these 10 matters. Lawler practiced law primarily in Fargo, North Dakota during the time of the misconduct in these cases. From January 25, 2012 to June 13, 2012, Lawler removed trust account funds paid in advance by clients or received in trust for clients or others. She removed the funds before fees were earned or expenses were incurred on behalf of clients.

[¶ 5] A professional trustee was appointed under N.D.R. Lawyer Discipl. 6.4 following Lawler's interim suspension. The professional trustee sold Lawler's law firm practice assets. However, there were no funds remaining to reimburse Lawler's clients' trust account funds. The trustee was unable to reimburse the following clients:

| Client | File No. | Amount |
|---|---|---|
| Ronald Aberle | N/A | $218.25 |
| Julie Baker | 5553–SE–1306 | $426.33 |
| Grace Cummings Pas | 5513–SE–1305 | $1,333.50 |
| Justin Fankhanel | 5508–SE–1304 | $2,282.60 |
| Sara Fix | N/A | $225.00 |
| Denise Forness | 5557–SE–1307 | $1,545.64 |
| Angela (Formo) Kourajian | 5418–SE–1208 | $1,385.71 |
| Noe Morin | N/A | $1,746.10 |
| Kristi Nodsle | N/A | $0.50 |
| Jennifer Jordan f/k/a Jennifer Nyland | 5548–SE–1306 | $3,022.00 |
| Felicia Sargeant | N/A | $175.20 |
| Brenda Steffens | N/A | $460.23 |
| Steven Sylvester | N/A | $2,104.80 |
| Denine Thiele | N/A | $68.03 |
| Amy Pederson | N/A | $52.16 |
| Randi Trowbridge | N/A | $1,800.00 |
| Michael Birrenkott | N/A | $230.00 |
| Coreen McCrackin | N/A | $250.00 |
| Jackie Mitchell, deceased | N/A | $528.38 |
| Sandy Olson | N/A | $1,760.85 |
| Levi Otis | N/A | $17.25 |
| Troy Pederson | N/A | $351.20 |
| Total | | $19,983.73 |

Lawler's former associate moved to a different law firm and provided legal services with no additional compensation to Sandy Olson, Levi Otis, and Troy Pederson until the value of the services exceeded what was taken by Lawler. The client protection fund reimbursed Angela (Formo) Kourajian, Grace Cummings Pas, Justin Fankhanel, Jennifer Jordan f/k/a Jennifer Nyland, Felicia Sargeant for a total of $9,641.44.

[¶ 6] From July 2011 to July 2012, Lawler failed to complete work for which she was retained for the above clients. She also failed to reasonably communicate with or return requests for information from the clients. Lawler failed to diligently act on behalf of or reasonably communi-

cate with two additional clients regarding family law matters in File Nos. 5407–SE–1208 and 5412–SE–1208.

[¶ 7] In File No. 5450–SE–1211, Lawler was appointed as personal representative for her father's estate and later resigned. While she was personal representative, she removed money from an account or accounts of the estate and charged approximately $8,504.48 on her father's credit card for her personal use, not for the benefit of the estate.

[¶ 8] The hearing panel made the following additional findings of fact. Lawler used methamphetamine and crack cocaine from November 2010 to July 2012, when professional colleagues staged an intervention. Lawler again used those drugs from November 8, 2012, to January 25, 2013. During the time of heaviest use, Lawler used drugs daily. Lawler used client funds to buy drugs, knowing she was putting their money at risk. She knew clients entrusted funds to her safekeeping, and they had not authorized her to use the money for her own purposes.

[¶ 9] Lawler participated in outpatient rehabilitation services from the Southeast Human Resources Center and has not used drugs or alcohol since January 25, 2013. She has not availed herself of all the prescribed rehabilitative treatment and after-care programs. Lawler did not undergo an in-patient treatment program and discontinued group therapy. She does not attend Alcoholics Anonymous or Narcotics Anonymous meetings, does not have an Alcoholics Anonymous or Narcotics Anonymous sponsor, and has not participated with the Lawyer Assistance Program Committee for sufficient time for it to develop an individualized assistance plan.

[¶ 10] Lawler admitted she violated N.D.R. Prof. Conduct 1.3, Diligence, providing that a lawyer shall act with reasonable diligence and promptness in representing a client; N.D.R. Prof. Conduct 1.4, Communication, providing that a lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished, make reasonable efforts to keep the client reasonably informed about the status of a matter, promptly comply with the client's reasonable requests for information; and explain the matters related to the representation to the extent reasonably necessary to permit the client to make informed decisions regarding the representations; N.D.R. Prof. Conduct 1.15(a), Safekeeping Property, providing a lawyer shall hold property of clients that is in the lawyer's possession in connection with a representation separate from the lawyer's own property and further provides that funds are to be deposited in one or more interest bearing trust accounts in accordance with Rule N.D.R. Prof. Conduct 1.15(f); N.D.R. Prof. Conduct 1.15(c), Safekeeping Property, providing that a lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred; and N.D.R. Lawyer Discipl. 1.2(A)(3), Grounds for Discipline, providing a lawyer may be disciplined for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation that reflects adversely on the lawyer's fitness as a lawyer.

[¶ 11] The hearing panel concluded that, by clear and convincing evidence, Lawler also violated N.D.R. Lawyer Discipl. 1.2(A)(2), Grounds for Discipline, providing that a lawyer may be disciplined for committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer; and N.D.R. Prof. Conduct 8.4(c), Misconduct, providing it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation that re-

flects adversely on the lawyer's fitness as a lawyer.

[¶ 12] When recommending a sanction, the hearing panel considered the aggravating factors of a dishonest or selfish motive, a pattern of misconduct and multiple offenses. N.D. Stds. Imposing Lawyer Sanctions 9.22. The hearing panel also considered the mitigating factors of personal and emotional problems; interim, but incomplete, rehabilitation; and remorse. N.D. Stds. Imposing Lawyer Sanctions 9.32. The hearing panel concluded disbarment is the appropriate sanction because Lawler knowingly converted client property under N.D. Stds. Imposing Lawyer Sanctions 4.11; knowingly deceived a client with the intent to benefit the lawyer or another, and caused serious injury or potential serious injury to a client under N.D. Stds. Imposing Lawyer Sanctions 4.61; and engaged in serious conduct a necessary element of which includes misrepresentation, fraud, misappropriation, or theft under N.D. Stds. Imposing Lawyer Sanctions 5.11(a); and engaged in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice under N.D. Stds. Imposing Lawyer Sanctions 5.11(b). The hearing panel commended Lawler for her steps towards rehabilitation, but after weighing the aggravating and mitigating factors, concluded the seriousness of Lawler's misconduct warrants the sanction of disbarment.

[¶ 13] The hearing panel recommended Lawler make restitution in the amounts listed to the clients named in paragraph five above. For those who were reimbursed by the client protection fund, the hearing panel recommended Lawyer make restitution to the client protection fund rather than to the clients. The hearing panel also recommended Lawler make restitution to the client protection fund if any future payments are made to the clients named in paragraph five. Finally, the hearing panel recommended Lawler pay $5,369.82 in costs and expenses of the proceedings to the Secretary of the Disciplinary Board.

[¶ 14] The Findings of Fact, Conclusions of Law and Recommendations by the Hearing Panel were served on October 30, 2013, and forwarded to this Court. Objections to the Consolidated Stipulation were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration. The Court considered the matter, and,

[¶ 15] **ORDERED,** that the findings of fact, conclusions of law, and recommendations by the hearing panel are accepted.

[¶ 16] **IT IS FURTHER ORDERED,** that Rebecca Lee Lawler is **DISBARRED** from the practice of law in North Dakota effective immediately.

[¶ 17] **IT IS FURTHER ORDERED,** that Lawler make restitution or make a written agreement for full restitution by periodic payments in the amounts listed to the clients named in paragraph five above to the extent not reimbursed by the client protection fund, within 60 days of entry of judgment.

[¶ 18] **IT IS FURTHER ORDERED,** that Lawler make restitution or make a written agreement for full restitution by periodic payments to the client protection fund for any payments made to clients named in paragraph five to reimburse funds taken by Lawler, within 60 days of entry of judgment.

[¶ 19] **IT IS FURTHER ORDERED,** that Lawler pay $5,369.82 in costs and expenses of these disciplinary proceedings payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue,

Bismarck, North Dakota, 58505–0530, within 60 days of entry of judgment. Alternatively, Lawler can make a written agreement with Disciplinary Counsel for full restitution by periodic payments within 60 days of entry of judgment, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Bismarck, North Dakota, 58505–0530.

[¶ 20] **IT IS FURTHER ORDERED,** that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5.

[¶ 21] **IT IS FURTHER ORDERED,** that Lawler must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 22] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.